James C. Shah (SBN 260435)
Kolin C. Tang (SBN 279834)
**MILLER SHAH LLP**
19712 MacArthur Boulevard, Suite 222
Irvine, CA 92612
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
         kctang@millershah.com

*Counsel for Plaintiff Richard Kontas*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RICHARD KONTAS, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| Plaintiff, | Case No.: 2:22-cv-7019 |
| v. | **CLASS ACTION COMPLAINT** |
| LIVEFREE EMERGENCY RESPONSE, INC., | **JURY TRIAL DEMANDED** |
| Serve registered agent at: Incorp Services, Inc. 919 North Market Street, Suite 950 Wilmington, Delaware 19801 | |
| Defendant. | |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Richard Kontas, individually, and on behalf of all others similarly situated, and for his Class Action Complaint against Defendant

LiveFree Emergency Response, Inc., states:

## BACKGROUND, PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Richard Kontas ("Plaintiff" or "Kontas"), brings this case to protect the privacy rights of himself and a class of similarly situated people who were called on their phones by Defendant, LiveFree Emergency Response, Inc. ("Defendant" or "LiveFree"). LiveFree called Kontas and the putative class members using a prerecorded voice message or artificial voice technology without first obtaining prior express written consent to call Kontas and the putative class members.

2. In the early 1990s, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3. The TCPA affords protections to recipients of telemarketing calls to be left alone from such calls unless the recipient first provides their prior express written consent to receive such calls. Specifically, the TCPA provides that each person who receives such a prerecorded or artificial voice call is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

4. From January 2022 until August 2022, approximately 32.6 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited September 20, 2022). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

5. Kontas is an individual who resides in Burbank, California, and is a citizen of the State of California.

6. Kontas brings this action on behalf of himself and all others similarly situated.

7. LiveFree is a Delaware corporation that is headquartered at 3411 Hawthorne Road in Pocatello, Idaho. LiveFree has been in good standing to transact business at all times relevant to this Complaint.

8. LiveFree transacts business in California and throughout the United States.

9. LiveFree's website states that LiveFree "manufactures cutting-edge personal emergency response systems including mobile, GPS enabled devices and innovative home-based personal emergency response systems."

10. LiveFree's website states that LiveFree offered "the first true mobile alert solution."

11. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 as this case presents a federal question under the TCPA.

12. This Court has personal jurisdiction over LiveFree because LiveFree solicits business in the State of California, conducts business in the State of California, and LiveFree otherwise has sufficient minimum contacts with the State of California, and such contacts are continuous and systematic.

13. Venue is proper in this Court under 28 U.S.C. § 1391 as a substantial part of the events giving rise to Kontas's claims occurred within this judicial district.

**LIVEFREE'S MARKETING TACTICS**

14. LiveFree markets its products, in part, through placing telephone calls to consumers' phones.

15. Kontas is the owner of a cellular phone. His phone number is 310-XXX-5684.

16. Kontas did not provide his phone number to be called by LiveFree.

17. Kontas had no prior business relationship with LiveFree at the time he

received the call at issue.

18. Kontas never inquired of LiveFree about any of its services before or at the time he received the calls at issue.

19. Kontas did not grant LiveFree prior express written consent to be called on his phone.

20. To ensure he did not receive unwanted telemarketing phone calls, Kontas registered his phone number on the National Do Not Call Registry on or about April 13, 2021.

21. On or about June 25, 2021, Kontas received a call on his phone from LiveFree. The phone number that appeared on Kontas's phone was 310-449-1662.

22. On information and belief, the phone number that appeared on Kontas's phone as associated with the call from LiveFree was "spoofed" to appear on Kontas's caller ID to show the same area code as Kontas.

23. On information and belief, LiveFree "spoofed" the phone number to make it more likely Kontas would answer the call as the call appeared to be from a local area code.

24. Upon answering the call, Kontas heard a prerecorded voice message. The prerecorded voice message stated:

> Hello, this is Amy with medical services. You were recently recommended by a medical professional to seek an emergency medical alert system at no cost to you and your system is ready to be shipped. Press one now and hold the line to receive your medical alert system at

no cost.

25. On information and belief, like many other companies who aggressively market their products through telemarketing, LiveFree attempted to conceal its identity by not identifying the name of its company in the prerecorded voice message from "Amy."

26. So as to determine who was improperly calling his cell phone, Kontas dialed one. Upon dialing one, a second prerecorded voice or artificial voice sounded on the line and stated:

> Thanks for taking a few minutes for me today. I hope your day is going okay so far. Well, I have some really good news today. You've been preselected to receive a state of the art completely mobile medical alert system at a value of $400, but it comes at no cost to you. Now, before I get into the details, I just need to verify a couple things for the research department responsible for this promotion.

27. The prerecorded or artificial voice then asked Kontas a series of questions. First, the prerecorded or artificial voice asked Kontas, "First, are you disabled or use a cane or a walker." Kontas responded, "I use a cane, yes." After an unnatural pause, the voice stated, "Alright, thanks for that information."

28. Second, the prerecorded or artificial voice asked Kontas, "Are you aware with how a medical alert system works?" Kontas, unsure if the voice was that of a live human or artificial, responded, "Yes, but what day of the week is it where you are?" After a lengthy an unnatural pause, the voice stated, "OK, well ours is the latest technology and it is very small, mobile and can be used anywhere in the U.S.

and Canada. Can I take a minute to go through that with you."

29. After another unnatural pause and not in response to anything Kontas said, the prerecorded or artificial voice stated, "I am a live person but I use scripted responses from my computer for quality assurance, and sorry for any confusion."

30. The prerecorded or artificial voice later stated, "We have a special promotion where we cover the cost of the equipment which is valued at $400. . . . Most importantly, you have unlimited contact with our trained medical personnel . . . You pay only for the emergency medical monitoring which is $39.99 per month . . . ."

31. In an attempt to conceal the identity of the company who was calling Kontas, the prerecorded or artificial voice did not disclose that the company associated with the product was LiveFree.

32. Kontas was eventually transferred to a live representative for LiveFree who identified himself as "Alex with the verification department." The representative advised Kontas that the medical device itself was free, but that there was a monthly charge of $39.99 for the monitoring service.

33. So as to determine who was calling him so that he could fight back against the unwanted telemarketing call, Kontas provided his card information to LiveFree's representative and authorized a charge of $39.99.

34. The live representative never identified the name of the company as

LiveFree.

35. Rather, Kontas was only able to track down LiveFree as the caller when his credit card records showed a $39.99 charge to "Wireless Medical Alert" in "Pocatello, Idaho."

36. A website for "Wireless Medical Alert" directs a person to a website showing an address of 3411 Hawthorne Road in Pocatello, Idaho, the address of LiveFree.

37. LiveFree's unwanted and harassing telemarketing practices are not limited to Kontas.

38. For example, on July 27, 2021, a consumer made the following complaint to the BBB about LiveFree's telemarketing practices:

> "I've been receiving unwanted robocalls to my number beginning approximately June 22, 2021. After identifying the company, the calls continued. I called the company and asked to be removed from their lists and was told my number would be removed. Since that call, the calls from this company continue averaging 1 per day. . . ."

39. LiveFree's conduct violated the privacy rights of Kontas and the putative class members, as they were subjected to annoying and harassing calls. LiveFree's calls intruded upon the rights of Kontas and the putative class members to be free from invasion of their interest in seclusion.

40. LiveFree's conduct caused Kontas and the putative class members to waste time addressing and/or otherwise responding to the unwanted calls.

## Class Allegations

41. Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Kontas brings this lawsuit as a class action on behalf of himself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

42. Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3), Kontas seeks to represent the following class:

> **Prerecorded/Artificial Voice Class:** All persons with cell phone numbers during the time period from four years prior to the filing of this action until the date a class is certified, to whom LiveFree or someone acting on its behalf placed a prerecorded or artificial voice call in which LiveFree's products and/or services were marketed.

43. Kontas reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

44. The members of the proposed classes are so numerous that joinder of all members is impracticable.

45. Kontas reasonably believes that hundreds or thousands of people have been harmed by LiveFree's actions. The names and phone numbers of the members of the proposed class are readily identifiable through records available to LiveFree or those acting on its behalf.

46. Members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

47. On information and belief, LiveFree has called and continues to call people using prerecorded and/or artificial voice technology without first obtaining the recipients of said calls prior express written consent. It is reasonable to expect that LiveFree will continue to make such calls absent this lawsuit.

48. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

a. Whether LiveFree or someone acting on its behalf placed prerecorded or artificial voice calls to the putative class members' cell phones without first obtaining prior express written consent from the putative class members;

b. Whether LiveFree or someone acting on its behalf placed prerecorded voice or artificial voice calls to the putative class members;

c. Whether LiveFree's conduct violates 47 U.S.C. § 227(b);

d. Whether LiveFree's conduct violates the rules and regulations implementing the TCPA; and,

e. Whether Kontas and the putative class members are entitled to increased damages for each violation based on the willfulness of LiveFree's conduct.

49. Kontas's claims are typical of the claims of the proposed class members because his claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

50. Kontas and his counsel will fairly and adequately protect the interests of the members of the proposed class. Kontas's interests do not conflict with the interests of the proposed class he seeks to represent. Kontas has retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law.

51. Kontas's counsel will vigorously litigate this case as a class action, and Kontas and his counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.

52. A class action is superior to all alternative methods of adjudicating this controversy, including through individual lawsuits. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to

pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

53. In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

54. LiveFree has acted or refused to act on grounds that apply generally to the class, making final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

**Count I - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.***

55. Kontas incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

56. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

57. The penalty for making a call to a cell phone using an artificial or prerecorded voice is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(b)(1)(A); (b)(3).

58. In addition, the TCPA allows the Court to enjoin LiveFree's violations of the TCPA's regulations prohibiting calls to cell phones using prerecorded or artificial voice technology. *See* 47 U.S.C. §§ 227(b)(3)(A).

59. The Federal Communications Commission's regulations implementing the TCPA provide that telephone prerecorded or artificial voice solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2)

60. The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

61. LiveFree called Kontas and the putative class members using prerecorded or artificial voice technology.

62. LiveFree placed such calls to Kontas and the putative class members without first obtaining the prior express written consent of Kontas and the putative class members.

63. Kontas and the putative class members are entitled to damages of $500.00 per violation for each call made by LiveFree and up to $1,500.00 per violation if the Court finds that LiveFree willfully violated the TCPA.

**Demand for Judgment**

WHEREFORE Plaintiff Richard Kontas, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Kontas as the class representative;

b. Enter an order appointing Miller Shah LLP and Butsch Roberts & Associates LLC as class counsel;

c. Enter judgment in favor of Kontas and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation of 47 U.S.C. § 227(b) and up to $1,500 per violation of each subsection if LiveFree willfully violated the TCPA;

d. Enter a judgment in favor of Kontas and the putative class that enjoins LiveFree from violating the TCPA's regulations prohibiting LiveFree from calling numbers registered on the National Do Not Call Registry;

e. Award Kontas and the class all expenses of this action, and requiring LiveFree to pay the costs and expenses of class notice and administration; and,

f. Award Kontas and the class such further and other relief the Court deems just and appropriate.

# **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a jury trial in this case.

Dated: September 28, 2022
                                         Respectfully submitted,

*/s/James C. Shah*
James C. Shah (SBN 260435)
Kolin C. Tang (SBN 279834)
**MILLER SHAH LLP**
19712 MacArthur Boulevard
Suite 222
Irvine, CA 92612
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
           kctang@millershah.com

David T. Butsch (*pro hac* forthcoming)
Christopher E. Roberts (*pro hac* forthcoming)
BUTSCH ROBERTS & ASSOCIATES LLC
231 S. Bemiston Avenue, Suite 260
Clayton, Missouri 63105
Telephone: (314) 863-5700
Facsimile: (314) 863-5711
Email: DButsch@butschroberts.com
CRoberts@butschroberts.com


*Attorneys for Plaintiff Richard Kontas*